## CAMP *vs.* MATHESON & O'HARRA *et al.*

1. When a bill is presented to the Judge, praying an injunction, and it appears upon its face that the complainant has ample redress at law ; and especially if the statements are inconsistent and contradictory, it is the duty of the Judge to refuse his sanction.

In Equity, in Butts Superior Court. Decision by Judge CABANISS, at Chambers, 10th September, 1859.

This was a bill by Nathan F. Camp, against Matheson & O'Harra and others, creditors of complainants, for an injunction to restrain defendants from selling and disposing of certain goods, or a remnant of a stock of goods, bought by defendants, through their agent, from the complainant, and by him turned over and delivered to them in payment and satisfaction of their claims against him ; and further, to enjoin them from dismissing their actions at law, pending for the recovery of those claims, and from transferring said claims.

Judge Cabaniss, to whom the bill was presented for his sanction, and for an order for the injunction prayed, refused the same, and passed the following order :

" In Chambers, Sept. 18th, 1859. The injunction prayed for in the within bill is refused, on the grounds that there is no equity in the bill to authorise an order and prevent the plaintiffs in the common law actions from dismissing their

Camp *vs.* Matheson & O'Harra *et al.*

suits if they see proper to do so ; nor to authorise an order for the arrest of defendants, and to stop the sale of the goods which have been turned over to the agent of defendants to pay their demands against complainant ; and further, it is refused because the 9th rule in equity has not been complied with."

To which refusal to grant the injunction prayed for, counsel for complainant excepted, and assigns as error said refusal.

The facts stated in the bill, and relied upon as constituting its equity and grounds for the injunction, are sufficiently recited and set out in the following opinion of the Court.

L. T. DOYAL, for plaintiff in error.

J. J. FLOYD, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

This is the second time this case has been before this Court, and whether we look to the bill alone, or to the bill and the agreement which is appended, we see nothing to require the interposition of a Court of Equity.

The case is simply this : In 1836, the complainant, who was a merchant, found himself in failing circumstances. He owed debts in New York and Charleston to a large amount ; and besides these, there were others which had already gone into judgment against him in Butts county. A Mr. Alamong presents himself as the agent of the city debts, amounting to $5,095 25. Suits had already been brought up on a portion of these claims. He entered into a contract with Mr. Camp to take his stock of goods for the demands which he held. It was further stipulated that if the goods, or any part of them, should be seized and sold by the outstanding judgments, in that event the suits then pending at the instance of the city creditors were to proceed to judgment and be inforced against any other property belonging to the defendant to cover any loss resulting from the appropriation of the goods to the judgments then outstanding against the complainant. This was the contract.

In the bill presented to the Judge, and refused by him, it is alleged that these old *fi. fas.* have been satisfied out of other property belonging to Camp. Very well. This is just

what should have been done.   He asks that the defendants may be enjoined from prosecuting their actions against him. He does not pretend that they are attempting or even threatening to do so.   Suppose they did : he can show that they are paid off by the sale of his stock of goods.   He further prays that they may be restrained from dismissing their suits ; that is, that they may neither go forwards nor backwards, on nor off with their suits.   For aught that appears or is insinuated, they are standing perfectly still.   But why not dismiss these cases, provided they are discharged and the agreement annexed to the bill shows that they are paid ?   If retained under these circumstances, they would furnish no pretext for the Court in Butts county to take jurisdiction over these non-residents ; and this is the object for which they are sought to be retained.

The complainant further prays, that the defendants may be prevented from transferring his paper to third persons. What if they did ?   He will be entitled to the same defense against this overdue, dishonored and discharged paper in the hands of third persons, with or without notice, as if sought to be enforced by the original payees.   He prays the Court to stop them from selling the goods.   Wherefore ?   Have they not bought and paid for them ?   But suppose they have not : how can it be ascertained how balances stand until the goods are sold ?   What profit will it be to any one to have them consumed by moth and rust ?

He avers that a fraud was practised upon him by Alamong in this : that he represented that he had deposited cash to take up the outstanding judgments.   But how is this statement reconciliable with the fact, that the complainant stipulated expressly that they were to be paid out of his property ? And that if they were not, and the goods had to be taken for that purpose, Alamong was to carry his cases to judgment and collect them out of the defendant ?

He claims an accounting, and that if the claims against him were bought at a depreciation, that he may be allowed the benefit of it.   But how can this be, when the agreement shows that he made an absolute sale of his stock of goods to pay these claims ?

We hold the Court did right to refuse the injunction.